UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERIC GARNER,**

   Plaintiff,

v.                                             No. 4:21-cv-0385-P

**THE STAGELINE COMPANY ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

In March 2021, Plaintiff Eric Garner filed an Amended Complaint (ECF No. 12) against Defendants Postal Fleet Services, Inc., Vilano Employment Services, Inc., and the Stageline Company (collectively, "Defendants"), alleging race discrimination and retaliation.

Each Defendant waived service and answered the Amended Complaint. *See* ECF Nos. 7–9, 14. Thereafter, the Court granted Defendants' unopposed motion to withdraw as counsel. ECF Nos. 20, 21. Defendants have thus been unrepresented by counsel since August 30, 2021. Because a corporation cannot appear in federal court unless it is represented by a licensed attorney, *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), the Court ordered Defendants to retain counsel by June 17, 2022. ECF No. 28. Defendants, however, failed to do so and remain unrepresented. As a result, the Court struck Defendants' answer and instructed the Clerk of Court to enter a default.

Now before the Court is Plaintiff's Motion for Default Judgment. ECF No. 27. Because Defendants have not otherwise defended against this action and the requirements for granting default judgment have been met, the Court grants the Motion as to liability but holds the Motion in abeyance as to damages.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party and how a party may seek

the entry of default judgment. *See* FED. R. CIV. P. 55. There are three stages to the entry of a default judgment. *First*, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a). *Second*, an entry of default may be entered "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). *Third*, a plaintiff may then apply to the clerk or the Court for a default judgment after an entry of default is made. *Id.* A default judgment, however, may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

Courts have developed a three-part analysis to determine whether the entry of a default judgment is appropriate. *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016). *First*, courts look to whether a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The *Lindsey* factors are relevant to this inquiry. Accordingly, courts consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

*Second,* courts analyze the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). To that end, the Court is to assume because of its default, the defendant admits all well-pleaded facts, but not facts that are not well-pleaded or conclusions of law. *Id.*

*Third*, courts determine what form of relief the plaintiff should receive, if any. *See Ins. Co. of the W. v. H&G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). A hearing is unnecessary when the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents." *Ramsey*, 2016 WL 1701966, at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

After undertaking this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Plaintiff's Complaint.

### A. Default judgment is procedurally warranted.

In applying the *Lindsey* factors to this dispute, the Court concludes that the entry of default judgment is procedurally proper. *First*, there are no material facts in dispute as Defendants have not filed an answer or responsive pleading. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). *Second*, Defendants' failure to defend prejudices Plaintiff as the legal process is at a standstill. *Third*, nothing before the Court suggests that Defendants' failure to retain counsel or comply with this Court's order resulted from a good faith mistake or excusable neglect. *Fourth*, Plaintiff seeks only the relief entitled under

3

the law. *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121, 2011 WL 1532200, at *1 (S.D. Miss. Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). *Finally*, the Court has no facts before it that would provide a basis for setting aside a default if challenged by Defendants. These considerations warrant entering a default judgment for Plaintiff.

### B. Plaintiff adequately alleges claims for racial discrimination under Title VII and 42 U.S.C. § 1981.

Courts evaluate racial discrimination under a burden-shifting framework. *McDonnell Douglas Corp. v. Green* 411 U.S. 792 (1973); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (using *McDonnel-Douglas* framework in Title VII race-discrimination action); *Pratt v. City of Houston*, 247 F.3d 601, 606 n.1 (5th Cir. 2001) ("The elements of the claims under Title VII and 42 U.S.C. § 1981 are identical.").

Under the *McDonnell-Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014). The plaintiff must establish a prima facie case by showing he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Id.* (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). The fourth prong requires the plaintiff to "show that he was treated less favorably than others 'under nearly identical circumstances.'" *Id.* (quoting *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259–60 (5th Cir. 2009)). Employees are similarly situated where they: "(1) 'held the same job or responsibilities'; (2) 'shared the same supervisor or had their employment status determined by the same person'; and (3) 'have essentially comparable violation histories.'" *West v. City of Hous.*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Lee*, 574 F.3d at 260). Plaintiff has adequately alleged each of these elements.

*First*, Plaintiff is a member of a protected group. *See* ECF No. 12. *Second*, Plaintiff alleges that he was terminated because he was inactive for over six weeks, not because of his day-to-day, on-the-job performance obligations. *Id.* Plaintiff therefore alleged he was qualified for his position. *Id. Third*, Plaintiff's allegations arise from this termination. *Id.* Plaintiff therefore suffered an alleged adverse employment action by his employer. *Fourth*, Plaintiff alleges that he was replaced by someone outside his protected group and was treated less favorably than other similarly situated employees outside the protected group. *Id.* Accordingly, Plaintiff sufficiently pleaded a cause-of-action for discrimination. The Court thus grants the Motion as to liability.

## C. Plaintiff adequately alleges claims for retaliation under Title VII and 42 U.S.C. § 1981.

Claims for retaliation under Title VII and 42 U.S.C. § 1981 are also "subject to the *McDonell Douglas* burden-shifting framework." *Owens v. Circassia Pharmaceuticals, Inc.*, 33 F.4th 814, 834–36 (5th Cir. 2022). To establish a prima facie case of retaliation, Plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 998–1000. Plaintiff has adequately alleged each of these elements.

*First*, Plaintiff alleges that he filed two Charges of Discrimination with the Equal Employment Opportunity Commission. ECF No. 12. He also alleges that he filed a race complaint with Defendants' Human Resources Department. *Id.*; *see also* ECF No. 27. Plaintiff has therefore sufficiently alleged that he engaged in a protected activity. *Second*, Plaintiff alleges that Defendants reduced his weekly hours following his first EEOC Charge against Defendants. ECF Nos. 12, 27. He also alleges that Defendants purposefully misclassified him as a part-time employee, causing him to lose certain benefits. ECF Nos. 12, 27. Plaintiff has therefore sufficiently alleged that he suffered an adverse employment action. *Finally*, Plaintiff alleges that the adverse employment action occurred soon after filing his EEOC Charges and race complaint with Defendants' Human Resources Department. ECF Nos. 12, 27. Plaintiff thus sufficiently alleged a causal connection

between the protected activity and the adverse employment action. Accordingly, because Plaintiff sufficiently pleaded a cause-of-action for retaliation, the Court grants the Motion as to liability.

### D. The Court cannot calculate damages with certainty.

Having determined that entry of default judgment is proper on Plaintiff's claims, the Court now turns to Plaintiffs' requested damages. Plaintiff seeks: (1) actual damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees. *See* ECF No. 12 (prayer for relief); ECF No. 27 (damages request). Plaintiff supports this request by attaching only a copy of his payroll register and an affidavit from himself. *See generally* ECF Nos. 25, 27-2. Plaintiff, however, provides no records or invoices detailing how to calculate the damages sought. *See, e.g.*, *BITX Transp. Servs., LLC v. Forward Transp. Servs., LLC*, No. 3:21-cv-1449-B, 2021 WL 4990805, at *4–5 (N.D. Tex. Oct. 27, 2021) (discussing the type of evidence that the Fifth Circuit considers sufficient for calculating actual damages); *Can Cap. Asset Servicing, Inc. v. Azket E-Intelligence LLC et al.*, No. 3:20-CV-3212-B, 2021 WL 2474159, at *4–5 (N.D. Tex. June 17, 2021) (same); *Texas Guaranteed Student Loan Corp. v. Express Moving, L.L.C.*, No. 3:09-CV-824-O, 2010 WL 727756, at *1–2 (N.D. Tex. Feb. 26, 2010) (recognizing the records submitted in support of plaintiff's damages request).

Without the proper records and invoices, the Court cannot calculate damages with certainty. Plaintiff will therefore be **GRANTED** leave to supplement their Motion for Default Judgment to support their damages request.[1]

### ORDER

As explained, the Court **GRANTS in part** Plaintiff's Motion for Default Judgment. Defendants are thus liable to Plaintiff under Title VII and 42 U.S.C. § 1981.

The Court further **ORDERS** that Plaintiff may supplement his Motion for Default Judgment to support the damages request by **September 9, 2022.** Under Federal Rule of Civil Procedure 58, Default

---

[1]Regarding the requested attorneys' fees, Plaintiff wholly fails to demonstrate how these fees are in fact reasonable and necessary under applicable law.

6

Judgment will be issued by separate document following resolution of the damages issue.

**SO ORDERED** on this **30th day** of **August 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE